**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ERIN NESSMITH, individually, and as guardians of their minor child, A.N., on behalf of themselves and on behalf of those similarly situated and JARED NESSMITH, individually, and as guardians of their minor child, A.N., on behalf of themselves and on behalf of those similarly situated,**

    **Plaintiffs,**

v.                                                                           **Case No: 8:19-cv-884-T-35AAS**

**ALTRIA GROUP, INC., PHILIP MORRIS USA, INC., and JUUL LABS, INC.,**

    **Defendants.**

## ORDER

    **THIS CAUSE** comes before the Court for consideration of Defendants' Request to Defer Briefing and Hearing of Plaintiffs' Motion for Preliminary Injunction Until After Resolution of Pending Motion to Transfer or Stay or, Alternatively, Forthcoming Motion to Transfer to Judicial Panel on Multidistrict Litigation ("Motion to Defer Briefing"). (Dkt. 31) Therein, Defendants advise that in light of the growing number of related cases being filed, they will be filing a motion before the United States Judicial Panel on Multidistrict Litigation ("JPML") for coordination and consolidation of this and other actions pursuant to 28 U.S.C. § 1407 ("§ 1407 motion"). (Id.) In their subsequently filed Reply in Further Support of Motion to Transfer or Stay, Defendants advise that they have filed the § 1407

motion, which will be fully briefed by August 27, 2019 with a hearing before the JPML expected in September. (Dkt. 32)

A district court has the inherent discretion to stay litigation pending the outcome of a related proceeding in another forum. CTI-Container Leasing Corp. v. Uiterwyk Corp., 685 F.2d 1284, 1288 (11th Cir. 1982). The Court's power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Because Defendants have filed the § 1407 motion, the Court finds it appropriate to stay this case pending the JPML's determination of whether this matter will be transferred and consolidated as part of an MDL.

Accordingly, upon review and consideration, the Court hereby **ORDERS** as follows:

1. Defendants' Motion to Defer Briefing, (Dkt. 31), is **GRANTED, as stated herein**. The Court defers briefing of and any hearing on Plaintiffs' Motion for a Preliminary Injunction, (Dkt. 29), and defers resolution of Defendants' Motion to Transfer, (Dkt. 20), pending a determination by the JPML on Defendants' § 1407 motion.

2. The Clerk is directed to **STAY AND ADMINISTRATIVELY CLOSE** this case pending a determination by the JPML as to whether this action shall be consolidated as part of an MDL.

3. The Parties are **DIRECTED** to notify the Court within **fourteen (14) days** of the JPML's resolution of Defendants' § 1407 motion. If the JPML denies

Defendants' § 1407 motion, the Parties may move to return this case to active status and reinstate any previously filed motions.

**DONE and ORDERED** in Tampa, Florida this 8th day of August 2019.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any Unrepresented Party