# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION

MDL No. 2913

**TRANSFER ORDER**

*I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.*

ATTEST:
SUSAN Y. SOONG
Clerk, U.S. District Court
Northern District of California

by [signature]
Deputy Clerk

Date: October 1, 2019

**Before the Panel**: Common defendant Juul Labs, Inc. (JLI) moves under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of California or the District of New Jersey. The litigation consists of the ten actions listed on the attached Schedule A, five in the Northern District of California, two in the Middle District of Alabama, and one each in the Middle District of Florida, the Southern District of Florida, and the Southern District of New York. The Panel has been notified of more than forty potentially-related actions.[1]

The actions in this litigation involve allegations that JLI has marketed its JUUL nicotine delivery products in a manner designed to attract minors, that JLI's marketing misrepresents or omits that JUUL products are more potent and addictive than cigarettes, that JUUL products are defective and unreasonably dangerous due to their attractiveness to minors, and that JLI promotes nicotine addiction. The actions include both putative class actions and individual personal injury cases. In the briefing to the Panel, a number of responding plaintiffs argued that the Panel should create two MDLs – one for the putative class actions in the Northern District of California, and a second for the individual actions in the District of New Jersey.[2] The plaintiffs who first advocated that position stated at oral argument that they now support centralization of all actions in a single MDL. None of the other plaintiffs who filed briefs in favor of a two-MDL approach presented oral argument. All other responding parties support centralization of all related actions in one MDL, but they disagree on an appropriate transferee district. Suggested districts include the Northern District of California, the Eastern District of Louisiana, the District of Maryland, and the District of New Jersey.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization – of all actions – in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share multiple factual issues concerning the development, manufacture, labeling, and marketing of JUUL products, and the alleged risks posed

---

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] Plaintiffs in three tag-alongs filed a brief requesting separate centralization of the individual actions in either the Northern District of Illinois or the Eastern District of Wisconsin.

-2-

by use of those products. Centralization will eliminate duplicative discovery, the possibility of inconsistent rulings on class certification, *Daubert* motions, and other pretrial matters, and conserve judicial and party resources.

The proposal to create two MDLs is not well-taken. Given the substantial overlap in the core factual issues, parties, and claims, a single MDL will best achieve Section 1407's purposes. The Panel frequently centralizes dockets comprising both class actions and individual cases. *See, e.g., In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 357 F. Supp. 3d 1391 (J.P.M.L. 2018) (centralizing litigation consisting of personal injury cases, class actions asserting medical monitoring and property damage claims, and actions by various governmental entities). As with those dockets, the transferee judge can use separate tracks or other appropriate pretrial techniques to accommodate any differences among the actions.

We select the Northern District of California as the transferee district. JLI is headquartered in that district, and it represents that most of the key evidence and witnesses are located there. Five constituent actions, including the first-filed case, are pending in the Northern District of California, as are several tag-alongs. Judge William H. Orrick III, to whom we assign the litigation, is an experienced transferee judge. He has been presiding over most of the California actions since they were filed and already has ruled on two motions to dismiss. We are confident that he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California, and, with the consent of that court, assigned to the Honorable William H. Orrick III for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |
| Karen K. Caldwell | Nathaniel M. Gorton |

IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES,
AND PRODUCTS LIABILITY LITIGATION                                    MDL No. 2913

## SCHEDULE A

Middle District of Alabama

WEST v. JUUL LABS, INC., ET AL., C.A. No. 2:19-00505
HELMS v. JUUL LABS, INC., ET AL., C.A. No. 2:19-00527

Northern District of California

COLGATE, ET AL. v. JUUL LABS, INC., ET AL., C.A. No. 3:18-02499
Y., ET AL. v. JUUL LABS, INC., C.A. No. 3:18-06776
VISCOMI, ET AL. v. JUUL LABS, INC., ET AL., C.A. No. 3:18-06808
ZAMPA v. JUUL LABS, INC., C.A. No. 3:19-02466
SWEARINGEN, ET AL. v. JUUL LABS, INC., ET AL., C.A. No. 3:19-04424

Middle District of Florida

NESSMITH, ET AL. v. ALTRIA GROUP, INC., ET AL., C.A. No. 8:19-00884

Southern District of Florida

SHAPIRO, ET AL. v. ALTRIA GROUP, INC., ET AL., C.A. No. 0:19-61548

Southern District of New York

D.P. v. JUUL LABS, INC., ET AL., C.A. No. 7:18-05758